# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

FELIX JOSEPH,
Plaintiff,

v.

FORT BEND COUNTY, TEXAS;
RICARDO GUZMAN (Badge/User ID: RXG008), in his individual capacity;
TREVOR ASPINALL (Badge/User ID: TSA002), in his individual capacity;
Defendants.

United States Courts
Southern District of Texas
**FILED**

NOV 2 0 2025

Nathan Ochsner, Clerk of Court

Case No. 4:25cv5590

# CIVIL RIGHTS COMPLAINT (42 U.S.C. § 1983; Title VI)

**Jury Trial Demanded**

## I. JURISDICTION & VENUE

1. This action arises under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments, and Title VI, 42 U.S.C. § 2000d.
2. Jurisdiction: 28 U.S.C. §§ 1331, 1343, 2201–02; supplemental jurisdiction over related Texas claims under 28 U.S.C. § 1367.
3. Venue is proper in this District/Division because the events occurred in Fort Bend County, Texas. 28 U.S.C. § 1391(b).

## II. PARTIES

4. Plaintiff **Felix Joseph** is an adult resident of Fort Bend County, Texas; he is [**Black American** ] and [**Male**].
5. **Fort Bend County** operates the Fort Bend County Sheriff's Office ("FBCSO") and is responsible for its policies, customs, training, and supervision.
6. **Deputy Ricardo Guzman (RXG008)** and **Deputy Trevor Aspinall (TSA002)** were at all times FBCSO officers acting under color of state law and are sued in their **individual capacities**.
7. **Does 1–10** are unknown FBCSO personnel who participated in or caused the violations.

## III. FACTS

8. **Dec. 25, 2023 — Denied report & discrimination / trespass (Guzman).** Plaintiff attempted to report a crime of assault to FBCSO. Deputy **Ricardo Guzman (RXG008)** refused to take a report or provide an incident number. Similarly situated persons **not of Plaintiff's race and/or sex** are routinely allowed to make reports and receive incident numbers. During this encounter, FBCSO personnel **unlawfully trespassed Plaintiff's from home without consent/warrant**
9. **Dec. 26, 2023 — Unlawful arrest & fabricated report (Aspinall).** The next day, at **[649 summer park dr Stafford TX]**, Deputy **Trevor Aspinall (TSA002) arrested Plaintiff without a warrant and without probable cause** for [assault]. Plaintiff was compliant and **officer would not tell me why I was being arrested.** Aspinall then authored a report containing **knowingly false statements or material omissions** that were used to justify the arrest and prosecution.
10. **Termination in Plaintiff's favor.** On **August 7, 2025, all charges were dismissed** (favorable termination).
11. **Damages.** Plaintiff suffered loss of liberty, emotional distress, out-of-pocket cost and lost income/opportunity.
12. **County policy/custom.** The violations were caused by Fort Bend County's policies, customs, or failure to train/supervise regarding: (a) nondiscriminatory intake of crime reports and issuance of incident numbers; (b) probable-cause standards; (c) limits on warrantless entry; and (d) truthful reporting/evidence integrity.

## IV. CLAIMS

**Count 1 — Equal Protection (Race/Sex Discrimination in Government Services) — § 1983**
(Against Guzman and Does; **Monell** against Fort Bend County)
13. Defendants intentionally denied or delayed police services (report intake, incident number, investigation) to Plaintiff because of his **race and/or sex**, while providing such services to similarly situated persons outside his protected classes, violating the Fourteenth Amendment.

**Count 2 — Title VI (Race Discrimination by Federally Funded Program)**
(Against Fort Bend County)
14. FBCSO receives federal funds. Fort Bend County intentionally discriminated on the basis of race by denying equal access to report-taking and police services.

**Count 3 — Fourth Amendment Unlawful Entry/Trespass & Unreasonable Search — § 1983**
(Against Guzman and Does; **Monell** against Fort Bend County)
15. Defendants trespassed Plaintiff's from [home] on **Dec. 25, 2023** without a warrant, valid consent, or exigent circumstances.

**Count 4 — Fourth Amendment Unlawful Arrest / Seizure — § 1983**
(Against Aspinall and Does; **Monell** against Fort Bend County)
16. Defendants seized and arrested Plaintiff on **Dec. 26, 2023** without probable cause.

**Count 5 — Malicious Prosecution / Unreasonable Seizure Pursuant to Legal Process — § 1983**
(Against Aspinall and Does; **Monell** against Fort Bend County)
17. Defendants initiated/continued criminal proceedings without probable cause; the case terminated in Plaintiff's favor on **Aug. 7, 2025**.

**Count 6 — Fabrication of Evidence / Franks Violation — § 1983**
(Against Aspinall and Does)
18. Defendants knowingly included false statements or omitted material exculpatory facts in reports and/or affidavits, causing Plaintiff's seizure and prosecution.

**Texas state-law claims (supplemental jurisdiction; against individuals):**
Count 7 — False Arrest/False Imprisonment; Count 8 — Trespass to Land; Count 9 — Malicious Prosecution; Count 10 — Intentional Infliction of Emotional Distress (pled in the alternative).

## V. INJUNCTIVE & DECLARATORY RELIEF

19. Declaratory judgment that Defendants' conduct violated Plaintiff's rights; injunctive relief requiring Fort Bend County to implement nondiscriminatory report-intake policies; train/supervise on probable cause, warrantless entry limits, and truthful reporting; and prohibit retaliation.

## VI. DAMAGES

20. Compensatory, special, and nominal damages; punitive damages against the individual defendants; fees and costs under 42 U.S.C. § 1988; pre/post-judgment interest.

## VII. JURY DEMAND

21. Plaintiff demands a jury trial on all triable issues.

## VIII. PRAYER

Plaintiff requests judgment against Defendants as set out above and all other just relief.

Date: 11/20/25

Felix Joseph
[1403 gentle bend dr] • [Missouri City, TX 77477] • [3467808039] • [kingjames6152@gmail.com]